# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 10, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

137272

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

DONALD JAMES TOUCHSTONE,
       Defendant-Appellant.

SC: 137272
COA: 285108
Wayne CC: 07-005505

_____/

On order of the Court, the application for leave to appeal the May 29, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, C.J. (*dissenting*).
I dissent from this Court's decision to deny leave to appeal for the reasons stated in my dissenting opinion in *People v Petit*.[1] I would remand this case to the trial court for resentencing. The trial court did not give defendant an opportunity to address the court at sentencing. This was a clear violation of MCR 6.425(E)(1)(c).

As I noted in *Petit*, "[a]s early as 1689, the common law acknowledged that reversal is required when a court fails to invite a defendant to speak before sentencing."[2] This case involves facts more egregious than those in *Petit*.[3] Thus, given the importance of the right of allocution and the outright denial of that right here, I would remand this case for allocution and resentencing.

---

[1] *People v Petit*, 466 Mich 624, 636-639 (2002) (Kelly, J., dissenting).

[2] *Petit*, *supra* at 637 (Kelly, J., dissenting).

[3] In *Petit*, a majority of this Court concluded that the trial court's question regarding whether the parties had "anything further" provided defendant with an adequate opportunity to address the court. In this case, by contrast, the record indicates that the trial court offered no one an opportunity to address the court at any time during the sentencing hearing.

Finally, I concur with Justice Markman's dissenting statement regarding the assessment of probation fees and would include in the remand order directions to the trial court to properly apply MCL 771.3c.

MARKMAN, J. (*dissenting*).

Because the trial court failed to follow the Legislature's clear direction in MCL 771.3c, I dissent. That provision directs a court to recoup probation fees from a defendant and provides in part that:

> In determining the amount of the fee, the court shall consider the probationer's projected income and financial resources. The court shall use the following table of projected monthly income in determining the amount of the fee to be ordered:

> | Projected Monthly Income | Amount of Fee |
> | --- | --- |
> | $ 0-249.99 | $ 0 |
> | $ 250.00-499.99 | $10 |
> | $ 500.00-749.99 | $25 |
> | $ 750.00-999.99 | $40 |
> | $ 1,000.00 or more | 5% of projected monthly income, but not more than $135. |

> . . . If the court orders a higher amount, the amount and the reasons for ordering that amount shall be stated in the court order. [MCL 771.3c(1).]

Absent any explanation, the trial court here assessed defendant a $10 monthly fee (for 24 months), although the only evidence regarding defendant's income showed that he earned $200 a month, correlating with a $0 monthly fee. Accordingly, I would remand to the trial court for that court to either waive the fee or state "the reasons for ordering" the higher fee, as required by law.[4]

---

[4] Judge White, dissenting in the Court of Appeals, would also have "direct[ed] the trial court to consider the probation costs . . . ." Unpublished order of the Court of Appeals, entered July 24, 2008 (Docket No. 285108).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 10, 2009

_____
Clerk

0407